UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REGINALD C. PANNELL, JR.,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-396

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; (3) PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND BE DENIED AS MOOT; AND (4) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of June 1, 2011. PageID 279-88. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease and obesity. PageID 160. After initial denials of his applications, Plaintiff received a hearing before ALJ Mary F. Withum on March 26, 2013. PageID 176-209. The ALJ issued a written decision on May 17, 2013 finding Plaintiff not disabled. PageID 158-70. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since June 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease, obesity, depression, anxiety, learning disorder, and somatoform disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b)[4] and 416.967(b) except the claimant must be allowed to alternate between

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

      sitting and standing at will provided he is not off task more than 5% of the work period. The claimant can never climb ladders, ropes, or scaffolds. The claimant can only occasionally climb ramps or stairs. The claimant can frequently stoop, crouch, kneel, and crawl. The claimant is limited to jobs which can be performed while using a hand held assistive device required at all times when walking. The claimant's work is limited to simple, routine, and repetitive tasks, performed in an environment free of fast-paced production requirements. The claimant must be employed in a low stress job with only occasional decisionmaking and only occasional changes in the work setting. The claimant can only occasionally interact with the public, co-workers, and supervisors.

6. The claimant is unable to perform any [of his] past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1964 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 160-70.

      Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 70-73. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir.

2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 161-68. Plaintiff, in his Statement of Errors, summarizes the relevant medical evidence. Doc. 11 at PageID 736-43. The Commissioner's memorandum in opposition defers to the ALJ's recitation of evidence. Doc. 14 at PageID 772. Except as otherwise stated in this Report and Recommendation, the undersigned incorporates the recitation of evidence put forth by both Plaintiff and the ALJ.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) weighing the medical opinion evidence, including the opinion of consultative examiner, Amita Oza, M.D.; and (2) assessing his complaints of disabling symptoms and limitations. Doc. 11 at PageID 744-58. Plaintiff also claims that evidence submitted to the Appeals Council after the administrative hearing is new and material and requires remand pursuant to Sentence Six of 42 U.S.C. § 405(g). *Id.* at PageID 758-59; PageID 652-74. Finding reversal of the non-disability finding warranted based upon the ALJ's assessment of Dr. Oza's opinion, the undersigned makes no finding with regard to Plaintiff's remaining arguments.

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Oza and relying, instead, on the opinions of record reviewing physicians Linda Hall, M.D. and Kourosh Golestany, M.D. Doc. 11 at PageID 744-50. In weighing opinion evidence, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions

as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

The regulations require that, unless the opinion of a treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [the 20 C.F.R. § 404.1527(c)] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999). The relevant factors include: the nature of the treatment or examining relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and any specialization of the medical source. 20 C.F.R. § 404.1527(c). The ALJ's explanation in this regard must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009).

Dr. Oza examined Plaintiff on May 10, 2012 and opined that "from examination[,] it appears that work related activity even at the sedentary level would be difficult." PageID 458-65. The ALJ gave her opinion "little to no weight" because:

> Dr. Oza relies far too much on the subjective complaints of the claimant. Dr. Oza bases her opinion on the fact that the claimant "seems to be in significant pain." It is clear the Dr. Oza relies on the claimant's report of radicular pain, because when she examined the claimant he had normal reflexes and normal range of motion. The claimant also had full muscle strength when Dr. Oza tested the claimant. Further, her findings contradict the mild imaging evidence of the claimant's spine. Also, her findings contradict the claimant's recent examination where the claimant reported stability and had a normal physical examination. Furthermore, her opinion is not consistent with any other medical opinions or objective evidence.

PageID 167 (internal citations omitted). Instead, the ALJ gave "great weight" to the opinions of record reviewers Hall and Golestany, who opined that Plaintiff can perform a reduced range of light work. PageID 166.

The undersigned agrees with Plaintiff that the ALJ erred in assessing Dr. Oza's opinion. Initially, the undersigned notes that the ALJ's summary of Dr. Oza's findings is an incorrect

7

statement of the record evidence. Contrary to the ALJ's statement of the evidence, Dr. Oza did not note "normal reflexes and normal range of motion[,]" and instead clearly documented restricted range of motion of both the hips and dorsolumbar spine. PageID 461-62, 464. Dr. Oza also noted the absence of "[deep tendon reflexes] at both knees and ankles[.]" PageID 465. The ALJ's inaccurate statement of the evidence is particularly troubling considering the ALJ's reliance on these allegedly normal findings in concluding that Dr. Oza's opinion is predominantly based on subjective complaints, and thus undeserving of any notable weight. *See* PageID 167. Additionally, the ALJ's conclusion regarding the basis of Dr. Oza's opinion ignores many other clinical findings set forth in her report, including: "tender[ness] on palpation of lower lumbar spine"; "difficulty doing straight leg test at all"; and that Plaintiff "could barely elevate his leg on either side." PageID 464. Without explanation from the ALJ -- and absent even an acknowledgement of these clinical findings -- it is unclear why these findings fail to support Dr. Oza's opinion. *See* PageID 167.

The undersigned finds additional aspects of the ALJ's analysis similarly unsupported by the record. In concluding that a recent examination -- where Plaintiff "reported stability and had a normal physical examination" -- undermines Dr. Oza's opinion, the ALJ cited to treatment notes from a March 2013 office visit with Rajindra Bhat, M.D. PageID 167, 621-26. However, a review of these notes reveals that Dr. Bhat did not conduct a musculoskeletal examination; consequently, there are no relevant findings contradicting either Dr. Oza's clinical observations or ultimate conclusion. *See* PageID 624-25. Furthermore, it is unclear how Plaintiff's report of symptom stability to Dr. Bhat undermines Dr. Oza's opinion, when Dr. Bhat treats Plaintiff for chronic back pain and the March 2013 assessment plan includes further treatment for low back

8

pain. PageID 621-25. In other words, there is no indication that the stability of back pain noted by Dr. Bhat means an absence of pain or resolution of symptoms.

Based upon the foregoing, the undersigned finds the ALJ's analysis of Dr. Oza's opinion unsupported by substantial evidence. *See Bowen*, 478 F.3d at 745-46. Accordingly, the ALJ's non-disability finding should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, evidence of disability is not overwhelming in light of conflicting opinions in the record concerning Plaintiff's functional limitations. *See, e.g.* PageID 458-65. Instead, remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence; reassess Plaintiff's complaints of disabling symptoms; and determine Plaintiff's disability status anew. On remand, the ALJ should also consider the evidence submitted to the Appeals Council following the administrative hearing. PageID 652-

74; *see Faucher,* 17 F.3d at 175 (holding that an ALJ may consider new evidence in a Sentence Four remand).  This analysis renders moot Plaintiff's request for a Sentence Six remand.

### V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. Plaintiff's request for a Sentence Six Remand be **DENIED AS MOOT**;

3. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

4. This case be **CLOSED**.


Date:   May 31, 2016                              *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).